UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHIFRA GORDON, individually and on behalf :
of all others similarly situated, :
                        Plaintiff, :
                        : **OPINION AND ORDER**
v. :
                        : 20 CV 10017 (VB)
ADMIN RECOVERY, LLC, and JOHN DOES :
1-25, :
                      Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Shifra Gordon brings this putative class action against defendant Admin Recovery, LLC ("Admin Recovery"), and "John Does 1-25," alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

      Now pending is defendant Admin Recovery's motion to dismiss the amended complaint ("AC") pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. #24).

      For the reasons set forth below, the motion is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## BACKGROUND

      In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the AC and draws all reasonable inferences in plaintiff's favor.

      Plaintiff alleges she received a debt collection letter from defendant on or about January 14, 2020, which is attached as Exhibit A to the AC.[1] The letter indicates plaintiff had an

---

[1] In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir.

outstanding balance on an account with TD Bank, N.A., in the amount of $15,088.27.  The letter offers plaintiff the opportunity to pay half of the balance to close the account.  Specifically, the letter states:

> Admin Recovery, LLC is offering you the opportunity to pay 50% of the Account Balance to close this account.  This 50% payment shall be in the total amount of $7,544.14 to close Creditor Account Number [redacted in original].
>
> To accept this offer and close your account, please remit payment to our office in the amount of $7,544.14 upon receipt of this letter.

(Doc. #20-1).  The letter further states, "If you would like additional time to respond to this offer, please contact us.  We are not obligated to renew this offer."  (Id.).

Plaintiff alleges she received three additional letters with the same language, dated March 6, May 2, and July 18, 2020.  (AC ¶ 33).  These letters are attached as Exhibit B to the AC.  (Doc. #20-2).

Plaintiff contends defendant's debt collection practices violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA because the statement in its January 14, 2020, letter, "[w]e are not obligated to renew this offer," coupled with language stating plaintiff could accept the offer by remitting payment "upon receipt of this letter" and providing a procedure for requesting more time to respond to the offer, falsely suggested the settlement offer must be accepted immediately and that no further offers would be forthcoming.

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v.

---

2010).  Accordingly, the Court will consider the January 14, 2020, debt collection letter and the additional letters attached as exhibits to the AC, discussed infra.

Iqbal, 556 U.S. 662, 679 (2009).[2]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.     Fair Debt Collection Practices Act

Defendant argues it did not violate Sections 1692e or 1692e(10) because the January 14, 2020, debt collection letter was not false or misleading.

The Court agrees.

A.      Applicable Law

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).

Section 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts. As relevant to this case, subsection (10), which is a catch-all provision, prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "However, not every technically false representation by a debt collector amounts to a violation of the FDCPA." Bryan v. Credit Control, LLC, 954 F.3d 576, 582 (2d Cir. 2020). Instead, "only material errors violate Section 1692e." Id. "That is, a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer." Id.

Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Id. Still, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). "[C]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." Id.

Under this standard, a debt collection letter may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation.  For purposes of assessing the validity of an FDCPA claim, a court should review a debt collection letter in its entirety.  McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002).  Courts analyze such letters "from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences."  Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

The Second Circuit has "made clear that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness."  McStay v. I.C. Sys., Inc., 308 F.3d at 190–91.  The least sophisticated consumer standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices and the need to protect debt collectors from liability based on unreasonable interpretations of collection letters.  Clomon v. Jackson, 988 F.2d at 1319–20.  "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices."  Easterling v. Collecto, Inc., 692 F.3d 229, 233–34 (2d Cir. 2012).

When "an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage."  De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *3 n.5 (S.D.N.Y. Mar. 28, 2019).

B.   Application

Defendant argues the statement "we are not obligated to renew this offer" in its January 14, 2020, letter is not deceptive or misleading under Sections 1692e and 1692e(10).

The Court agrees.

In Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit concluded a dunning letter that included a settlement offer with an expiration date and the language "[w]e are not obligated to renew this offer," was not misleading to the least sophisticated consumer. Id. at 776. In doing so, the court determined the statement "[w]e are not obligated to renew this offer" is safe-harbor language that protects consumers from receiving false impressions concerning their options. The court opined the word "obligated" effectively communicates to an unsophisticated consumer that "there is a renewal possibility but that it is not assured." Id.

Plaintiff urges this Court to depart from Evory. She argues the Seventh Circuit was incorrect to conclude the statement "we are not obligated to renew this offer" protects the least sophisticated consumer from believing no further settlement offers will be made. The Court disagrees and declines to do so. Rather, the Court agrees with the finding in Evory that such language is not deceptive and "even the unsophisticated investor will realize that there is a renewal possibility but that it is not assured." Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d at 776. Several courts in this Circuit have similarly found persuasive the Seventh Circuit's reasoning. For example, in Skvarla v. MRS BPO, LLC, 2021 WL 2941118, at *3 (S.D.N.Y. July 12, 2021), the defendant sent a dunning letter containing multiple offers to settle an outstanding debt for less than the full balance due, provided deadlines by which the settlement amount was to be paid, and included the statement "we are not obligated to renew these offers." Id. Relying on

Evory, the court concluded no FDCPA violation had occurred because the defendant's use of the safe-harbor language was not false and would not mislead the least sophisticated consumer because it did not create a false sense of urgency of a "one-time, take-it-or-leave-it settlement offer." Id. at *2; see also Saraci v. Capital Mgmt. Servs., L.P., 2019 WL 4602827 (E.D.N.Y. Sept. 23, 2019) (relying on Evory and rejecting FDCPA challenge to the statement "we are not obligated to renew this offer" because nothing in the offer suggested that it was a one-time deal).

Likewise, here, defendant's inclusion of the safe-harbor language in the debt collection letter is not misleading. It does not suggest no further offers would be made, nor does it create the false impression the offer must be accepted immediately.

The Court is also not persuaded by plaintiff's argument that additional statements in the letter enhance the deception created by the safe-harbor language. Specifically, plaintiff contends the statement "[t]o accept this offer and close your account, please remit payment . . . upon receipt of this letter" puts a deadline on accepting the settlement offer. She argues the statement "[i]f you would like additional time to respond to this offer, please contact us," endorses the idea of an implicit deadline for acceptance. According to plaintiff, these statements, coupled with the safe-harbor language, falsely imply that no further offers would be made, "thus pressuring the least sophisticated consumer to accept the terms of the settlement offer immediately or risk losing it." (Doc. #27 at ECF 8).[3]

The Court disagrees. First, the language providing plaintiff the opportunity to accept the offer by remitting payment "upon receipt of this letter" does not amount to an immediate deadline by which plaintiff was required to remit payment. However, even if such statement

---

[3] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

could be interpreted to create a deadline, a deadline on an offer is not in itself violative of the FDCPA. See Saraci v. Capital Management Services, L.P., 2019 WL 4602827, at *2 n.3; see also Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d at 776.

Second, these statements, even when coupled with the safe-harbor language, do not suggest no further offers would be made. Indeed, plaintiff points to no language in the debt collection letter that suggests the offer is a one-time take-it-or-leave-it offer.

In support of her argument that the letter falsely suggests no further offers will be made, plaintiff relies on Al v. Van Ru Credit Corp., 2018 WL 1972486 (E.D. Wis. Apr. 26, 2018). In Al v. Van Ru Credit Corp., plaintiff received a debt collection letter stating "[t]he balance you owe as of the date of this letter is $462.31. Presently, we are willing to accept $277.39 to settle your account, provided that you act promptly. We are not obligated to renew this offer." Id. at *2. The court found the demand for "prompt" payment, followed by the Evory disclaimer, would lead the least sophisticated consumer to believe that the offer would expire prior to the 30-day validation period, even though there was no specific deadline to accept the settlement offer outlined in the letter.

Al v. Van Ru Credit Corp. is not instructive here. First, Al v. Van Ru Credit Corp. is not binding, and the Court finds more persuasive the reasoning set forth in Saraci v. Capital Mgmt. Servs., L.P., and Skvarla v. MRS BPO, LLC, discussed supra. Second, the court in Al v. Van Ru Credit Corp. focused on the ambiguity created by the explicit deadline that the offer would expire if not paid "promptly." Specifically, the court concluded the use of the word "promptly" is misleading and unfair. This is a significant distinction as the language in Al v. Van Ru Credit Corp. is different from the language in the collection letter sent to plaintiff here. Compare Al v. Van Ru Credit Corp., 2018 WL 1972486, at *2 ("[W]e are willing to accept [a partial payment] .

. . . <u>provided</u> that you act promptly.") (emphasis added) <u>with</u> (Doc. #20-1) ("[T]o accept this offer and close your account, please remit payment . . . upon receipt of this letter[.]").[4]

Finally, the language in the January 14, 2020, letter does not create a false sense of urgency. In <u>Rozario v. Admin Recovery, LLC</u>, 2020 WL 4188131 (D.N.J. July 21, 2020), the court considered whether identical language in a debt collection letter sent by Admin Recovery to another consumer violated the FDCPA. In finding the language "upon receipt of this letter" did not convey a false sense of urgency to accept the offered terms, the court stated:

> [T]here is no demand period because the letter sent by Defendants contains no deadline coercing Plaintiff into making a hasty decision. In fact, ostensibly, the offer has no expiration. Defendants merely ask that, if Plaintiff wishes to accept the offer, that she remits payment "upon receipt of this letter."

<u>Id</u>. at *4. The court also recognized that the statement "[i]f you would like additional time to respond to this offer, please contact us" (<u>id</u>.), reinforces the notion that the collection letter was not coercive. This Court agrees.[5] The statement "upon receipt of this letter" in conjunction with the <u>Evory</u> safe-harbor language does not indicate plaintiff will lose her opportunity to settle her debt for less than the full price if she fails to remit payment immediately. The language does not create a sense of urgency or immediacy nor is it "misleading or deceptive since nowhere in the

---

[4] Defendant also argues "[e]ven if [the] letter is misleading, there is no material violation of the FDCPA." (Doc. #25 at ECF 15). A statement is considered material "if it has the potential to affect the decision-making process of the least sophisticated consumer." <u>Bryan v. Credit Control, LLC</u>, 954 F.3d at 582. Here, because the Court finds the safe-harbor language is adequate and not misleading as a matter of law, it need not address the materiality requirement. <u>Skvarla v. MRS BPO, LLC</u>, 2021 WL 2941118, at *3 (declining to address materiality because if a statement "is not misleading, it also cannot be materially misleading").

[5] Here, plaintiff's allegation that she received three additional debt collection letters actually reinforces the notion that the letter did not falsely indicate the offer was a one-time offer. <u>See Saraci v. Capital Mgmt. Servs., L.P.</u>, 2019 WL 4602827 (finding plaintiff's receipt of a more advantageous offer a month later made clear the initial offer was not a one-time proposition).

9

letter is there any accompanying threat of litigation or other negative consequences." Id. at *3 n.1.

Accordingly, plaintiff fails plausibly to allege defendant's debt collection practices violated the FDCPA, and such claim must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #24) and close this case.

Dated: October 18, 2021
       White Plains, NY

                                SO ORDERED:

                                */s/ Vincent L. Briccetti*
                                Vincent L. Briccetti
                                United States District Judge